131 F.3d 148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Martin STIVERS; Mary Chase Ernsberger; Chamar, Inc.,
Plaintiffs-Appellees,
v.
Richard PIERCE; George D. Wendell; Denise Conrad; Gary T.
Robey; Brian McKay; Robert J. Rodefer; individually and
as members of the Nevada State Private Investigators
Licensing Board; Nevada State Private Investigators
Licensing Board; and DOES 1-20, Defendants-Appellants,
and
Carol Widmer-Hanna; Bill Bertram, Defendants.
Martin Stivers, Plaintiff-Appellant,
v.
Richard Pierce; George D. Wendell; Denise Conrad; Gary T.
Robey; Brian McKay; Robert J. Rodefer; individually and
as members of the Nevada State Private Investigators
Licensing Board; Nevada State Private Investigators
Licensing Board; and DOES 1-10, Defendants-Appellees,
and
Carol Widmer-Hanna; Bill Bertram, Defendants.
 Nos. 96-17120, 96-17207.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1997.
Decided Nov. 21, 1997.
 
 Appeal from the United States District Court for the District of Nevada, No. CV 91-00417-HDM; Howard D. McKibben, District Judge, Presiding.
 Before: GOODWIN, FLETCHER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard Pierce and five other defendants appeal the district court's denial of their motion for a judgment as a matter of law following a jury verdict that each had violated 42 U.S.C. § 1983. Each contends that there was insufficient evidence to support a finding of liability, that each enjoyed qualified immunity, and that the damages were excessive. Martin Stivers cross appeals, claiming that the district court failed to explain adequately its reasons for reducing the number of hours for which his attorney should be awarded attorney's fees. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court's denial of defendants' motion for judgment as a matter of law and remand the question of attorney's fees.
 
 
 3
 We start with the denial of a judgment as a matter of law. Our review is de novo, although we view the evidence in the light most favorable to the non-moving party. Acosta v. City and County of San Francisco, 83 F.3d 1143, 1145 (9th Cir.1996), cert. denied 117 S.Ct. 514 (1996).
 
 
 4
 This court fully considered the questions of liability and qualified immunity in Stivers v. Pierce, 71 F.3d 732 (9th Cir.1995). We concluded that there were triable issues on liability, and that the defendants, were the jury to find that they were actually biased, did not enjoy qualified immunity. Stivers, 71 F.3d at 753, 750.
 
 
 5
 Under the doctrine of law of the case, this court will not revisit questions decided on a previous appeal unless one of three exceptions applies. Hegler v. Borg, 50 F.3d 1472, 1475 (9th Cir.1995), cert. denied 116 S.Ct. 675 (1995). These exceptions are "(1) the [previous] decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial." Id. The defendants argue that the third exception applies here, but we disagree. As the district court stated, Stivers relied on substantially the same evidence at trial, in this appeal and in the previous appeal. Accordingly, the law of the case supports the judgment entered in the district court.
 
 
 6
 The defendants also argue that the damages award was irrational. We will overturn a damage award only if "the amount is grossly excessive or monstrous, clearly not supported by the evidence, or only based on speculation or guesswork." Los Angeles Memorial Coliseum Comm'n v. NFL, 791 F.2d 1356, 1360 (9th Cir.1986) (internal quotations and citations omitted). The award here is neither monstrous nor excessive, and Stivers presented sufficient supporting evidence.
 
 
 7
 We now turn to Stivers' cross appeal. We review the award of attorney's fees for abuse of discretion. Nelson v. Pima Community College, 83 F.3d 1075, 1080 (9th Cir.1996).
 
 
 8
 Although the "district court has a great deal of discretion in determining the reasonableness of the fee ... [it] is required to articulate ... the reasons for its findings." Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir.1992). The district court did not explain fully its reasons for reducing the hours claimed. Moreover, it appears from the fragmentary explanation given that the court may have confused the bases of the fees awarded on the first appeal. Stivers' attorney was awarded fees for obtaining licenses for Stivers. She was not awarded fees, however, for obtaining a reversal of the district court's summary judgment because Stivers was not yet a prevailing party on that issue. She is now entitled to her fees for the summary judgment portion of the first appeal, the trial on remand, and we hold that she is entitled to fees for this second appeal when application is made. Accordingly, we remand the issue of the amount of attorney's fees to the district court for further consideration of fees earned to date including fees that were earned on this second appeal.
 
 
 9
 The challenged judgment is AFFIRMED. The question of the amount of attorney fees is REMANDED, the plaintiff to have costs as well as fees on appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3